# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ENCON INTERNATIONAL, INC., )
)
               Plaintiff, )
)
v. )    Case No. 11-2137-KHV
)
LINDA GARRAHAN, *et al.*, )
)
               Defendants. )

## MEMORANDUM AND ORDER

This matter comes before the court upon Defendants Linda Garrahan, Brian Garrahan, Quantum Partners, Inc., and 1st Capital Lending Fund, Inc.'s Motion for a More Definite Statement, or in the Alternative, to Dismiss Plaintiff's First Amended Complaint (ECF No. 38). Plaintiff has filed a response opposing the motion. Defendants have declined to file a reply brief, and the time to do so has now passed. For the reasons explained below, the motion is denied.

Pursuant to Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Generally, courts disfavor motions for a more definite statement because of the minimal pleading requirements under the Federal Rules of Civil Procedure.[1] Indeed, these motions "are properly granted only when a party is unable to determine the issues to which it needs to respond."[2] In other words, "[a] motion for a more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of

---

[1] *Boilermaker-Blacksmith Nat'l Pension Fund v. Lintec Corp.*, No. 10-2409-JTM, 2011 WL 1303359, at *3 (D. Kan. Apr. 6, 2011).

[2] *Id.* (citing *Creamer v. Ellis Cnty. Sheriff Dep't*, No. 08-4126-JAR, 2009 WL 484491, at *1 (D. Kan. Feb. 26, 2009).

a denial or admission."[3]

Defendants argue the First Amended Complaint fails to adequately inform or notify them why plaintiff contends Texas insurance law applies to this case. It appears defendants believe Kansas substantive law should govern. A choice-of-law dispute between the parties, however, is not an adequate basis to order plaintiff to file a more specific pleading. Indeed, plaintiff is not required to provide a legal argument in its complaint.[4] Defendants also argue the First Amended Complaint lacks specific factual allegations sufficient to inform each defendant of the type of acts or practices alleged to be in violation of law, or which defendant allegedly performed which act. However, "Rule 12(e) is designed to strike at unintelligible pleadings rather than pleadings that lack detail."[5] Indeed, these types of issues are best sorted out in discovery, where defendants may obtain additional details about the nature of plaintiff's claims.[6]

Having reviewed plaintiff's twenty-seven page First Amended Complaint, the court is unclear what exactly defendants contend they do not understand about plaintiff's allegations. If anything, it is defendants' arguments that lack clarity. The argument section in defendants' memorandum in support of the motion is all of two paragraphs, one of which sets forth the legal standard for a motion for a more definite statement. Defendants fail to point to specific portions of the amended complaint they find vague and ambiguous. Based upon the court's review of the

---

[3] *Creamer*, 2009 WL 484491, at *1 (citing *Householder v. The Cedars, Inc.*, No. 08-2463-KHV, 2008 WL 4974785, at *1 (D. Kan. Nov. 19, 2008)).

[4] *See Home Design Servs., Inc. v. B&B Custom Homes, LLC*, No. 06-cv-0027-WYD-GJR, 2006 WL 3328140, at *5 (D. Colo. Nov. 15, 2006) (noting that when a complaint that satisfies the pleading requirements of Fed. R. Civ. P. 8(a), there is generally not a need for a more definite statement).

[5] *Creamer*, 2009 WL 484491, at *1.

[6] *Bruton v. Central States Transp., Inc.*, No. 09-1024-EFM, 2011 WL 673765, at *1 (D. Kan. Feb. 17, 2011) (citing *Creamer*, 2009 WL 484491, at *1).

plaintiff's amended complaint, it appears defendants should be able to respond to the allegations in the form of a denial or an admission. For these reasons, defendants' motion for a more definite statement is denied. Defendants also seek, in the alternative, dismissal of this action. The court declines to consider this request because defendants have not set forth any arguments in favor of dismissal.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendants Linda Garrahan, Brian Garrahan, Quantum Partners, Inc., and 1st Capital Lending Fund, Inc.'s Motion for a More Definite Statement, or in the Alternative, to Dismiss Plaintiff's First Amended Complaint (ECF No. 38) is hereby denied.

**IT IS FURTHER ORDERED** that defendants have up to and including **May 31, 2011,** to file an answer to plaintiff's complaint.

**IT IS SO ORDERED.**

Dated this 17th day of May, 2011, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge