IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ENCON INTERNATIONAL, INC. | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | Case No. 11-2137-KHV |
| | ) | |
| LINDA GARRAHAN, INDIVIDUALLY, | ) | |
| BRIAN GARRAHAN, INDIVIDUALLY, | ) | |
| QUANTUM PARTNERS INC., AND | ) | |
| 1ST CAPITAL LENDING FUND, INC. | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| _____ | ) | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**COMES NOW**, Defendants, LINDA GARRAHAN, BRIAN GARRAHAN, QUANTUM PARTNERS, INC., and 1ST CAPITAL LENDING FUND, INC., (hereinafter, collectively, "Defendants") by and through their undersigned attorney, files this Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, and hereby admit, deny, and allege the following:

### PARTIES

1. Defendants admit Paragraph 1 of Plaintiff's First Amended Complaint.

2. Defendants admit Paragraph 2 of Plaintiff's First Amended Complaint.

3. Defendants admit Paragraph 3 of Plaintiff's First Amended Complaint.

4. Defendants admit Paragraph 4 of Plaintiff's First Amended Complaint.

5. Defendants admit Paragraph 5 of Plaintiff's First Amended Complaint.

6. Defendants admit Paragraph 6 of Plaintiff's First Amended Complaint.

## JURISDICTION

7.  Defendants admit only the allegations contained as to the first sentence of Paragraph 7 of Plaintiff's First Amended Complaint, and agree that diversity jurisdiction exists between the parties.  Defendants deny that subject matter jurisdiction exists in Texas. The Federal District Court of the Western District of Texas, El Paso Division, found that it lacked sufficient personal jurisdiction to preside over this case on March 4, 2011, and transferred this case to Kansas. Specifically, the Texas Court found that it could not exercise personal jurisdiction over Defendants because Defendants did not have continuous and systematic business contacts with Texas relating to the action, Defendants had not purposefully availed themselves of Texas, and that Defendants did not have sufficient minimum contacts with Texas to sustain a finding of personal jurisdiction.  Any allegation not specifically admitting in Paragraph 7 of Plaintiff's First Amended Complaint is hereby denied.

8.  Defendants deny that there is personal jurisdiction over them in Texas as alleged in Paragraph 8 of Plaintiff's First Amended Complaint and incorporate their answer to Paragraph 7 hereof in response. Defendants additionally deny all allegations made in Paragraph 8, but admit that they are not licensed to sell insurance in Texas.  Any allegation not specifically admitting in Paragraph 8 of Plaintiff's First Amended Petition is hereby denied.

9.  Defendants submit that the Texas Insurance Code and related statutes speak for themselves as alleged in Paragraph 9 of Plaintiff's First Amended Complaint and that no

further answer is required. To the extent that an answer is deemed required, this Paragraph 9 of Plaintiff's First Amended Complaint is denied.

10. Defendants deny that personal jurisdiction exists in Texas as alleged in Paragraph 10 of Plaintiff's First Amended Complaint and incorporate their answer to Paragraph 7 hereof in response. Defendants admit that an audit of Plaintiff's financial records was conducted, and admit that they allege that Plaintiff is in default of the General Agreement of Indemnity (hereinafter "GAI")  signed between the parties. Additionally, Defendants admit that the results of this audit, as well as Plaintiff's default under the GAI, entitled them to request the Plaintiff to put an additional $400,000.00 in reserve in order to secure the risk to the Defendants' bond caused by the Plaintiff. All other allegations made in this Paragraph 10 of Plaintiff's First Amended Complaint are denied.

11. Defendants deny Paragraph 11of Plaintiff's First Amended Complaint.

12. Defendants deny the allegations of Paragraph 12 of Plaintiff's First Amended Complaint, that necessary minimum contacts existed between Defendants and the state of Texas, and incorporates their answer to Paragraph 7 herein in this response. Defendants admit that they had numerous conversations and communications with Plaintiff, who is located in Texas. Defendants deny, however, that these contacts constituted minimum contacts with the state of Texas, and refer to the Honorable Kathleen Cardone's ruling on the matter as their response. Defendants deny all other allegations made in this paragraph.

13. Defendants deny every allegation made in Paragraph 13 of Plaintiff's First Amended Complaint.

**<u>VENUE</u>**

14. Defendants deny that venue is proper in El Paso, Texas, and incorporate their response to Paragraph 7 herein in this answer. Additionally, Defendants submit that this case should be transferred to the Southern District of Florida because of the doctrine of *forum non conveniens.*

## FACTUAL BACKGROUND

15. Defendants admit Paragraph 15 of Plaintiff's First Amended Complaint.

16. Defendants admit Paragraph 16 of Plaintiff's First Amended Complaint.

17. Defendants admit Paragraph 17 of Plaintiff's First Amended Complaint.

18. Defendants submit that the payment bond speaks for itself and that no further answer is required. To the extent that an answer is deemed required, Paragraph 18 of Plaintiff's First Amended Complaint is denied.

19. Defendants submit that the appraisal speaks for itself and that no further answer is required. To the extent that an answer is deemed required, this Paragraph 19 of Plaintiff's First Amended Complaint is denied.

20. Defendants admit Paragraph 20 of Plaintiff's First Amended Complaint.

21. Defendants admit Paragraph 21 of Plaintiff's First Amended Complaint.

22. Defendants submit that the GAI speaks for itself and that no further answer is required. To the extent that an answer is deemed required, this Paragraph 22 of Plaintiff's First Amended Complaint is denied.

23. Defendants submit that the GAI speaks for itself and that no further answer is required. To the extent that an answer is deemed required, this Paragraph 23 of Plaintiff's First Amended Complaint is denied.

*Defendants' Answer to Plaintiff's Amended Complaint*
Case No. 11-2137-KHV

24. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint, and, therefore, deny the same.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint, and, therefore, deny the same.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint, and, therefore, deny the same. Additionally, Defendants submit that the letter from Defendant Quantum Partners, Inc., speaks for itself and that no further answer is required.  To the extend any further response is required, Defendants do hereby deny the allegations set forth in Paragraph 26 of Plaintiff's First Amended Complaint.

27. Defendants submit that the letter from Defendant Quantum Partners, Inc., speaks for itself and that no further answer is required. To the extent that an answer is deemed required, this Paragraph 27 of Plaintiff's First Amended Complaint is denied.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint, and, therefore, deny the same.

29. Defendants submit that any letters sent to Plaintiff speak for themselves and that no further answer is required.  To the extent that an answer is deemed required in this Paragraph 29 of Plaintiff's First Amended Complaint, Defendants deny the same. Defendants admit that additional money was requested to be put in reserve deposit in order to secure the additional risk created by the Plaintiff against the surety, as is allowed

and required by the GAI. Any and all other allegations in Paragraph 29 of Plaintiff's First Amended Complaint are denied.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint, and, therefore, deny the same. Additionally, Defendants submit that any legal pleadings or filings speak for themselves and no further answer is required. To the extent that an answer is deemed required, this Paragraph 30 of Plaintiff's First Amended Complaint is denied.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint as to the Plaintiff's actions taken in regards to their subcontractor, and, therefore, deny the same. All other allegations in Paragraph 31 of Plaintiff's First Amended Complaint are denied. Additionally, Defendants submit that any legal pleadings or filings speak for themselves and no further answer is required. To the extent that an answer is deemed required, this Paragraph 31 of Plaintiff's First Amended Complaint is denied.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint, and, therefore, deny the same. Additionally, Defendants submit that any legal pleadings or filings speak for themselves and no further answer is required. To the extent that an answer is deemed required, this Paragraph 32 of Plaintiff's First Amended Complaint is denied.

33. Defendants submit that any letters sent to Plaintiff speak for themselves and that no further answer is required. To the extent that an answer is deemed required, this Paragraph 33 of Plaintiff's First Amended Complaint is denied.

34. Defendants submit that all letters referenced in Paragraph 34 speak for themselves and no further answer is required. To the extent that an answer is deemed required, this Paragraph 34 of Plaintiff's First Amended Complaint is denied.

35. Defendants admit that an audit was performed, but deny any and all further allegations set for in Paragraph 35 of Plaintiff's First Amended Complaint.

36. Defendants submit that all letters referenced in Paragraph 36 of Plaintiff's First Amended Complaint speak for themselves and no further answer is required. To the extent that an answer is deemed required, this Paragraph 36 of Plaintiff's First Amended Complaint is denied.

37. Defendants submit that all letters referenced in Paragraph 37 of Plaintiff's First Amended Complaint speak for themselves and no further answer is required. To the extent that an answer is deemed required, this Paragraph 37 of Plaintiff's First Amended Complaint is denied.

38. Defendants submit that all letters referenced in Paragraph 38 of Plaintiff's First Amended Complaint speak for themselves and no further answer is required. To the extent that an answer is deemed required, this Paragraph 38 of Plaintiff's First Amended Complaint is denied.

39. Defendants submit that all letters referenced in Paragraph 39 of Plaintiff's First Amended Complaint speak for themselves and no further answer is required. To the extent that an

answer is deemed required, this Paragraph 39 of Plaintiff's First Amended Complaint is denied.

40. Defendants submit that all letters referenced in Paragraph 40 of Plaintiff's First Amended Complaint speak for themselves and no further answer is required. To the extent that an answer is deemed required, this Paragraph 40 of Plaintiff's First Amended Complaint is denied.

41. Defendants submit that all letters referenced in Paragraph 41 of Plaintiff's First Amended Complaint speak for themselves and no further answer is required. To the extent that an answer is deemed required, this Paragraph 41 of Plaintiff's First Amended Complaint is denied.

42. Defendants deny the allegations made in Paragraph 42 of Plaintiff's First Amended Complaint.

43. Defendants submit that all letters referenced in Paragraph 43 of Plaintiff's First Amended Complaint speak for themselves and no further answer is required. To the extent that an answer is deemed required, this Paragraph 43 of Plaintiff's First Amended Complaint is denied.

44. Defendants submit that all letters referenced in Paragraph 44 of Plaintiff's First Amended Complaint speak for themselves and no further answer is required. To the extent that an answer is deemed required, this Paragraph 44 of Plaintiff's First Amended Complaint is denied.

45. Defendants submit that all letters referenced in Paragraph 45 of Plaintiff's First Amended Complaint speak for themselves and no further answer is required.  However, and to the extent that an answer is deemed required, this Paragraph 45 of Plaintiff's First Amended

Complaint is denied.  Additionally, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the rest of Plaintiff's allegations in Paragraph 45 of Plaintiff's First Amended Complaint, and therefore deny the same.

46. Defendants deny the allegations made in Paragraph 46 of Plaintiff's First Amended Complaint.

47. Defendants deny the allegations made in Paragraph 47 of Plaintiff's First Amended Complaint.

48. Defendants submit that all letters referenced in Paragraph 48 of Plaintiff's First Amended Complaint speak for themselves and no further answer is required. To the extent that an answer is deemed required, this Paragraph 48 of Plaintiff's First Amended Complaint is denied.

49. Defendants deny the allegations made in Paragraph 49 of Plaintiff's First Amended Complaint.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 50 of Plaintiff's First Amended Complaint, and, therefore, deny the same.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 51 of Plaintiff's First Amended Complaint, and, therefore, deny the same.

## DEFENDANTS HAVE ACTED AS A JOINT ENTERPRISE

52. Defendants submit that any communications Plaintiff received from Defendants speak for themselves. Paragraph 52 of Plaintiff's First Amended Complaint also contains legal assertions and/or conclusions, to which no response is required. To the extent that a

response is required, any and all allegations in Paragraph 52 of Plaintiff's First Amended Complaint are denied.

## <u>COUNT 1—DECLARATORY RELIEF</u>

53. Paragraph 53 of Plaintiff's First Amended Complaint incorporates previous claims made by Plaintiff in its First Amended Complaint.   Therefore, all admissions and/or denials of previous Paragraphs made by Defendants are hereby incorporated into Defendants' answer and denial to Paragraph 53 of Plaintiff's First Amended Complaint. Paragraph 53 of Plaintiff's First Amended Complaint contains legal assertions and/or conclusions to which no response is required. To the extent that a response is required, all allegations in Paragraph 53 of Plaintiff's First Amended Complaint are hereby denied.  To the extent further denial need to made, Defendants do hereby specifically deny each and every allegation contained in Paragraph 53 of Plaintiff's First Amended Complaint.

## <u>COUNT 2—BREACH OF CONTRACT</u>

54. Paragraph 54 of Plaintiff's First Amended Complaint incorporates previous claims made by Plaintiff in its First Amended Complaint. Therefore, all admissions and/or denials of previous Paragraphs made by Defendants are hereby incorporated into Defendants' answer and denial to Paragraph 54 of Plaintiff's First Amended Complaint. Defendants submit that Plaintiff has failed to both enumerate and establish the elements required for pleading a cause of action for breach of contract. Additionally, Paragraph 54 of Plaintiff's First Amended Complaint contains legal assertions and/or conclusions to which no response is required. To the extent that a response is required, all allegations in Paragraph 54 of Plaintiff's First Amended Complaint are denied.  To the extent further denial need

to made, Defendants do hereby specifically deny each and every allegation contained in Paragraph 54 of Plaintiff's First Amended Complaint.

## **ATTORNEY FEES**

55. Defendants deny that they have breached their contract with Plaintiff. Defendants submit that any statute speaks for itself, and that no further answer is required. Paragraph 55 of Plaintiff's First Amended Complaint also contains legal assertions and/or conclusions to which no response is required. Finally, Defendants submit that the Texas Civil Practice and Remedies Code is inapplicable and therefore irrelevant in this case.  To the extent that an answer is deemed required to Paragraph 55 of Plaintiff's First Amended Complaint, this paragraph is denied.

## **COUNT 3--TORTIOUS INTERFERENCE WITH**
## **CURRENT AND FUTURE CONTRACTUAL RELATIONSHIPS**

56. Paragraph 56 of Plaintiff's First Amended Complaint incorporates previous claims made by Plaintiff in its First Amended Complaint. Therefore, all admissions and/or denials of previous Paragraphs made by Defendants are hereby incorporated into Defendants' answer and response to Paragraph 56 of Plaintiff's First Amended Complaint. Defendants submit that Plaintiff has failed to both enumerate and establish the elements required for pleading a cause of action for Tortious Interference with Contractual Relationships. Also, any attempts by Defendants to take control of the performance of the Plaintiff's contract with the EPA were specifically authorized by the GAI signed between the parties. Finally, Paragraph 56 of Plaintiff's First Amended Complaint contains legal assertions and/or conclusions to which no response is required. To the extent that a response is required, all allegations in Paragraph 56 of Plaintiff's First Amended Complaint are herein denied.   To the extent further denial need to made, Defendants do hereby

specifically deny each and every allegation contained in Paragraph 56 of Plaintiff's First Amended Complaint.

## COUNT 4—DECEPTIVE TRADE PRACTICES, CONSUMER PROTECTION ACT §17.50(a)

57. Paragraph 57 of Plaintiff's First Amended Complaint incorporates previous claims made by Plaintiff in its First Amended Complaint. Therefore, all admissions and/or denials of previous Paragraphs made by Defendants are hereby incorporated into Defendants answer and response to Paragraph 57 of Plaintiff's First Amended Complaint.   To the extent further denial need to made, Defendants do hereby specifically deny each and every allegation contained in Paragraph 57 of Plaintiff's First Amended Complaint.

58. Defendants submit that all statutes speak for themselves and no further response is required.  Defendants also believe that the state-specific, Texas law is inapplicable and therefore irrelevant to the instant case and has no legal bearing on the dispute between the parties.  However, and to the extent that an answer is required to Paragraph 58 of Plaintiff's First Amended Complaint, Defendants do hereby deny each and every allegation contained within Paragraph 58 of Plaintiff's First Amended Complaint.

59. Defendants submit that all statutes speak for themselves and no further response is required.  Defendants also asserts that the state-specific, Texas law is inapplicable and therefore irrelevant to the instant case and has no legal bearing on the dispute between the parties.  However, and to the extent that an answer is required to Paragraph 59 of Plaintiff's First Amended Complaint, Defendants do hereby deny each and every allegation contained within Paragraph 59 of Plaintiff's First Amended Complaint.

60. Defendants deny that Plaintiff is entitled to any relief set out in the Texas statute. Additionally, Defendants submit that Plaintiff has pleaded no actual facts in this count that could establish a violation of this Act, even if it were to apply in this case, and the count should be dismissed accordingly. Finally, Paragraph 60 of Plaintiff's First Amended Complaint contains legal assertions and/or conclusions to which no response is required. To the extent that a response is required, all allegations in Paragraph 60 of Plaintiff's First Amended Complaint are denied.

## COUNT 5—DECEPTIVE TRADE PRACTICES,
## CONSUMER PROTECTION ACT §17.46(b)

61. Paragraph of Plaintiff's First Amended Complaint incorporates previous claims made by Plaintiff its First Amended Complaint.   Therefore, Defendants do hereby incorporated any and all previous responses, admissions, or denials as set for herein to Plaintiff's First Amended Complaint.  To the extent further denial need to made, Defendants do hereby specifically deny each and every allegation contained in Paragraph 61 of Plaintiff's First Amended Complaint.

62. Defendants submit that all statutes speak for themselves, and that no further response is required. To the extent that a response is required, all allegations set forth in  Paragraph 62 of Plaintiff's First Amended Complaint are hereby denied. Defendants also believe that the state-specific, Texas law is inapplicable and therefore irrelevant to the instant case and has no legal bearing on the dispute between the parties.  To the extent further denial need to made, Defendants do hereby specifically deny each and every allegation contained in Paragraph 62 of Plaintiff's First Amended Complaint.

56. (sic).  Defendants deny that Plaintiff is entitled to any relief set out in the Texas statute. Additionally, Defendants submit that Plaintiff has pleaded no actual facts in this count

*Defendants' Answer to Plaintiff's Amended Complaint*
                                                                      Case No. 11-2137-KHV

that could establish a violation of this Act, even if it were to apply in this case, and the count should be dismissed accordingly. Finally, Count 5 and all allegataions contained therein contain legal assertions and/or conclusions to which no response is required. To the extent that a response is required, all allegations to Paragraph 56 (sic) and in Count 5 of Plaintiff's First Amended Complaint are hereby denied.

### COUNT 6—DECEPTIVE TRADE PRACTICES, CONSUMER PROTECTION ACT §17.50(a)(3)

63. Paragraph 63 of Plaintiff's First Amended Complaint incorporates previous claims made by Plaintiff into Paragraph 63 of its First Amended Complaint. Therefore, all admissions and/or denials/responses to previous Paragraphs alleged in Plaintiff's First Amended Complaint made by Defendants are hereby incorporated into Paragraph 63 of Defendants' Answer to Plaintiff's First Amended Complaint. To the extent further denial need to made, Defendants do hereby specifically deny each and every allegation contained in Paragraph 63 of Plaintiff's First Amended Complaint.

64. Defendants submit that all statutes speak for themselves, and that no further response is required. To the extent that a response is required, any and all allegations in Paragraph 64 of Plaintiff's First Amended Complaint are hereby denied. Defendants also believe that the state-specific, Texas law is inapplicable and, therefore irrelevant to the instant case and has no legal bearing on the dispute between the parties. Additionally, Defendants submit that not only has Plaintiff pleaded no actual facts in this count that could establish a violation of this Act, but Plaintiff has filed to plead the relevant portion of the statute which could establish a violation of this Act, and, therefore, this count should be dismissed accordingly. To the extent further denial need to made, Defendants do hereby

specifically deny each and every allegation contained in Paragraph 64 of Plaintiff's First Amended Complaint.

65. Defendants deny that Plaintiff is entitled to any relief set out in the Texas statute. Defendants do hereby deny any and all allegations set forth in paragraph 65 of Plaintiff's First Amended Complaint.

## COUNT 7—FRAUDULENT MISREPRESENTATION

66. Paragraph 66 of Plaintiff's First Amended Complaint incorporates previous claims made by Plaintiff into Paragraph 66 of Plaintiff's First Amended Complaint. Therefore, all admissions and/or denials/responses of Paragraphs 1 through 66 made by Defendants are hereby incorporated herein.  To the extent further denial need to made, Defendants do hereby specifically deny each and every allegation contained in Paragraph 66 of Plaintiff's First Amended Complaint.

67. The allegations contained in this paragraph constitute conclusions of law to which no response of the Defendants is required. To the extent a response is deemed required, any and all allegations contained in Paragraph 67 of Plaintiff's First Amended Complaint are hereby denied.

## COUNT 8—FRAUDULENT INDUCEMENT

68. This Paragraph incorporates previous claims made by Plaintiff into Paragraph 68 of Plaintiff's First Amended Complaint. Therefore, all admissions and/or denials of previous Paragraphs made by Defendants are also incorporated into Paragraph 68.  To the extent further denial need to made, Defendants do hereby specifically deny each and every allegation contained in Paragraph 68 of Plaintiff's First Amended Complaint.

69. The allegations contained in this paragraph constitute conclusions of law to which no response of the Defendants is required. To the extent a response is deemed required, any and all allegations contained in Paragraph 69 of Plaintiff's First Amended Complaint are hereby denied.

### **COUNT 9—CONSPIRACY TO COMMIT COMMON LAW FRAUD**

70. This Paragraph incorporates previous claims made by Plaintiff into Paragraph 70 of Plaintiff's First Amended Complaint. Therefore, all admissions and/or denials of previous Paragraphs made by Defendants are also incorporated into Paragraph 70.   To the extent further denial need to made, Defendants do hereby specifically deny each and every allegation contained in Paragraph 70 of Plaintiff's First Amended Complaint.

71. The allegations contained in Paragraph 71 of Plaintiff's First Amended Complaint constitute conclusions of law to which no response of the Defendants is required. To the extent a response is deemed required, any and all allegations contained in Paragraph 71 of Plaintiff's First Amended Complaint are hereby denied.

### **COUNT 10—CONVERSION**

72. This Paragraph incorporates previous claims made by Plaintiff into Paragraph 72 of Plaintiff's First Amended Complaint. Therefore, all admissions and/or denials of previous Paragraphs made by Defendants are also incorporated into Paragraph 72. To the extent further denial need to made, Defendants do hereby specifically deny each and every allegation contained in Paragraph 72 of Plaintiff's First Amended Complaint.

73. Defendants admit that they have not returned deposits that they are legally entitled to keep under the GAI signed by the parties until satisfactory completion of the contract.

Defendants deny every other allegation in Paragraph 73 of Plaintiff's First Amended Complaint.

74. Defendants deny every allegation in Paragraph 74 of Plaintiff's First Amended Complaint.

75. The allegations contained in this paragraph constitute conclusions of law to which no response of the Defendants is required. To the extent a response is deemed required, any and all allegations contained in Paragraph 75 of Plaintiff's First Amended Complaint are hereby denied.

### **PLAINTIFF'S PRAYER FOR RELIEF**

WHEREFORE, Defendants do hereby respectfully request that the Court deny each and every claim of relief requested by Plaintiff, dismiss each and every count against Defendants set forth in Plaintiff's First Amended Complaint, judgment for Defendants and against Plaintiff, for costs of this action, for reasonable attorney fees in defending this action, and for such other and further relief as the Court deems just and reasonable. In further response, Defendants do hereby deny Plaintiff is entitled to relief as prayed for in subparagraphs 1 through 6 to Plaintiff's Prayer for Relief.

## **DEFENDANTS' CLAIMS AND AFFIRMATIVE DEFENSES**

Defendants allege the following claims and defenses. In asserting these claims and defenses, Defendants does not assume the burden to establish any fact or proposition where that burden is properly imposed on the Plaintiff.

### **CLAIM 1: FLORIDA LAW SHOULD APPLY IN THIS CASE**

1.  The parties in this case are in federal court in the District of Kansas, Kansas City District, based on diversity jurisdiction.

2.  The Kansas District Court explained its choice of law rules as recently as 2011:

    "A federal court sitting in diversity apples the choice of law rules of the state in which it sits. For purposes of contract construction, Kansas follows the theory of *lex loci contractus* – the place of making the contract controls. The court looks to where the last act necessary for the creation of the contract takes place, and that state's law controls. Matters bearing upon the execution, the interpretation, and validity of a contract are determined by the law of the place where the contract is made." *Jayhawk Capital Management, LLC v. LSB Industries, Inc.*, 2011 US. Dist. LEXIS 45944. (D. Kan. Apr. 28, 2011).

3.  Defendants assert that this case involves the execution, interpretation, and validity of actions taken under the contract made between the parties, and accordingly, the law of the place where the contract was made should control its outcome.

4.  In the making of this contract, Plaintiff approached Defendants and asked them to finance their project with the EPA by issuing performance and payment bonds. Defendants sent copies of the bonds and the GAI for the Plaintiff's approval and signature. Once the Defendants received the signed paperwork, Ms. Garrahan completed the last step in the contract by executing the affidavits of individual surety and finalizing the bonds.

5.  Without Ms. Garrahan issuing these bonds, there would have been no contract between the parties. Ms. Garrahan issued these bonds in the state of Florida.

6. Under the rules reaffirmed by the Kansas District Court less than two months ago, the place where the contract was finalized, *i.e.,* Florida, is the place whose law controls the interpretation of the contract.

7. For these reasons, Defendants respectfully request that this Court use Florida law to interpret the dispute between the parties.

## CLAIM 2: VENUE SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF FLORIDA

8. Venue based on diversity jurisdiction is proper when: "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred,… or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 USC §1391(a).

9. While venue is proper in this case based on 28 USC §1391(a)(2), the doctrine of *forum non conveniens* permits a court to dismiss a claim even if the court is a permissible venue with proper jurisdiction over the claim. *Gulf Oil v. Gilbert,* 330 U.S. 501, 507 (1947). Courts may use discretionary inquiries to determine where litigation will be most convenient and will serve the interests of justice. *R. Mganlal & Co. v. M.G. Chem. Co.,* 942 F.2d 164, 167 (2nd Cir. 1991). The court's inquiry should focus on three factors: the availability of an alternative forum, the private interests of the parties, and the public interest in the forum. *Id.*

10. The instant action arises from the GAI, which Ms. Garrahan, a Florida resident, entered into with Plaintiff, a Texas corporation, as an individual surety for a project to be performed in Kansas. All four (4) defendants are residents of Florida.

11. Florida's Courts have adequate safeguards to protect the interests of all parties. Once the Court has determined that an adequate alternative forum exists, the Court must carefully consider all private and public factors enumerated by the Supreme Court in *Gulf Oil.*

12. In *Gulf Oil*, the Supreme Court considered the following factors to be dispositive: The private interest of the litigant; the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

13. In this case, both parties will be forced to travel to Kansas to pursue this claim. It would be significantly easier for the Defendants to defend themselves in this action if it were transferred to the Southern District of Florida, as the witnesses and sources of proof needed are located in Florida rather than Kansas.

14. Additionally, as explained above, the District Court of Kansas would be using Florida law in evaluating the parties' actions under the GAI. It would benefit both parties' interests that if Florida law is being used to interpret the contract, that a Florida court do the interpreting.

15. For these reasons, Defendants respectfully request that this action be transferred to the Southern District of Florida.

## **AFFIRMATIVE DEFENSES**

16. Plaintiff has failed to state any claim upon which relief may be granted.

17. Plaintiff's claims are barred, either in whole or in part, by failure to plead personal jurisdiction.

18. Plaintiff has failed to satisfy all conditions precedent to bringing this action.

19. Plaintiff has breach their contractual obligations under the GAI.

20. Plaintiff has failed to plead sufficient facts to establish a claim for Declaratory Relief.

21. Plaintiff has failed to plead sufficient facts to establish a claim for Breach of Contract.

22. Plaintiff has failed to plead sufficient facts to establish a claim for Attorney Fees.

23. Plaintiff has failed to plead sufficient facts to establish a claim for Tortious Interference with Contractual Relationships.

24. Plaintiff has failed to plead sufficient facts to establish a claim for Deceptive Trade Practices under Texas' Consumer Protection Act §17.50(a).

25. Plaintiff has failed to plead sufficient facts to establish a claim for Deceptive Trade Practices under Texas' Consumer Protection Act §17.46(b).

26. Plaintiff has failed to plead sufficient facts to establish a claim for Deceptive Trade Practices under Texas' Consumer Protection Act §17.50 (a)(3).

27. Plaintiff has failed to plead sufficient facts to establish a claim for Fraudulent Misrepresentation.

28. Plaintiff has failed to plead sufficient facts to establish a claim for Fraudulent Inducement.

29. Plaintiff has failed to plead sufficient facts to establish a claim for Conspiracy to Commit Common Law Fraud.

30. Plaintiff has failed to plead sufficient facts to establish a claim for Conversion.

31. Plaintiff's claims under Texas' Consumer Protection Act §§ 17.50(a), 17.50 (a)(3), and 17.46 (b) are barred by lack of standing, as there is no personal jurisdiction over the Defendants in Texas.

32. Defendants reserve the right to supplement its Answer and Affirmative Defenses.

**WHEREFORE**, Defendants LINDA GARRAHAN, BRIAN GARRAHAN, QUANTUM PARTNERS, INC., and 1ST CAPITAL LENDING FUND, INC., pray for judgment or relief against the Plaintiff as follows:

1. That the claims against the Defendants are dismissed with prejudice and that the Plaintiffs take nothing;

2. That Defendants be awarded its attorneys' fees, costs and disbursements incurred in defending this matter; and

3. Such other and further relief, including declaratory, equitable relief and damages, as this Court deems just and proper.

Respectfully submitted,

/s/ Douglas J. Patterson
Douglas J. Patterson KS # 17296
Michelle W. Burns KS #21167
PROPERTY LAW FIRM, L.L.C.
4630 W. 137th Street, Suite 100
Leawood, Kansas  66224
Telephone:  913-663-1300
Facsimile:  913-663-3834
Doug@propertylawfirm.com
Michelle@propertylawfirm.com
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that on May 31, 2011, a copy of the foregoing document was electronically filed through the Court's ECF system, which will deliver an electronic notice of filing to all counsel of record.

/s/ Michelle W. Burns
Michelle W. Burns