## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ENCON INTERNATIONAL, INC., *et al.*,    )
                                        )
    Plaintiffs and Counterdefendants,   )
                                        )
    v.                                  )    Case No. 11-2137-KGS
                                        )
LINDA GARRAHAN, *et al.*,               )
                                        )
    Defendants and Counterclaimants.    )

## <u>MEMORANDUM AND ORDER</u>

      This matter comes before the court upon The Barbour Group's Motion for Leave to Amend its Answer to Assert a Counterclaim Against Plaintiffs, ECF No. 161. Plaintiffs Encon International, Inc., Alex Woelper, and Shu Fei Woelper have filed a response opposing the motion. For the reasons stated below, the motion is denied.

      The Barbour Group (TBG) seeks leave to assert a counterclaim for indemnity against plaintiffs Encon and the Woelpers. Fed. R. Civ. P. 15 governs the procedure for amending the pleadings.[1] At this juncture of the case, TBG may amend only by consent of the opposing parties or by leave of the court, which shall be freely given when justice requires.[2] When leave of the court is required for an amendment, the court may refuse leave "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[3]

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] *See* Fed. R. Civ. P. 15(a).

[3] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't Safety, City & Cnty. of Denv.*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

The most recent scheduling order entered in this case provided a deadline November 30, 2011, for motions for leave to join additional parties or to otherwise amend the pleadings.[4] When the deadline for amending the pleadings has passed, Fed. R. Civ. P. 16(b)(4) is potentially implicated. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[5] The Tenth Circuit has applied Rule 16's good-cause standard to a motion to amend to assert a counterclaim after the scheduling-order deadline had passed.[6] Likewise, this district has consistently applied the two-step analysis based on both Rule 16(b) and Rule 15(a) when deciding a motion to amend filed after the deadline established in the scheduling order.[7]

The court first determines whether the movant has shown good cause within the meaning of Rule 16(b)(4) to justify allowing the untimely motion. The good-cause standard under Rule 16(b)(4) considers the diligence of the party seeking to amend.[8] To establish good cause, the moving party must show that despite due diligence, it could not have reasonably met the deadline for amendments to the pleadings.[9] "Carelessness is not compatible with a finding of diligence and offers no reason to grant further relief."[10] Similarly, lack of prejudice to the nonmovant does

---

[4] Scheduling Order at 8, ECF No. 90

[5] Similarly, the scheduling order in this case also provides that it "shall not be modified except by leave of the court upon a showing of good cause." *Id.* at 10.

[6] *See SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990).

[7] *See, e.g., Livingston v. Soxexo, Inc. and Affiliated Co.*, No. 11-4162-EFM, 2012 WL 2045292, at *1 (D. Kan. June 6, 2012) (citing cases).

[8] *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995).

[9] *Id.*; *Carefusion 213 LLC v. Prof'l Disposables, Inc.*, No. 09-2616-KHV, 2010 WL 4004874, at *3 (D. Kan. Oct. 22, 2010).

[10] *Deghand*, 904 F. Supp. at 1221.

not constitute good cause.[11] The party seeking an extension is normally expected to show good faith on its part and some reasonable basis for not meeting the deadline.[12]

In its motion, TBG does not attempt to show good cause for an extension of the scheduling order deadline. Only after plaintiffs pointed out this omission in their response brief did TBG, in its reply brief, attempt to address the good-cause standard. TBG explains that it delayed in seeking to amend because the parties have exchanged thousands of pages of documents as part of their initial disclosures. In addition, TBG says the parties have been conducting  their own investigations into the facts and circumstances surrounding the matter. TBG says the delay occurred as a result of counsel taking the time to review documents produced and to conduct an investigation into the claims alleged in plaintiffs' complaint, which TBG contends was required so that it could determine whether there was any amendment or waiver of the indemnity provision.

This relatively unspecific explanation is not sufficient to show TBG acted with due diligence. For one, it appears the documents giving rise to TBG's proposed indemnity claim were executed in 2008—about three-and-a-half years ago. And TBG appears to have been in possession of these documents during this time. In other words, this is not a case of an opposing party burying another with discovery responses and hoping it would not discovery potentially damaging documents. This was an agreement to which TBG was a party, and because of this, TBG should have been aware of the facts giving rise to this claim well in advance of the deadline for amendments to the pleadings. TBG's vague assertion that it had to hunt through documents to determine whether there was an amendment to or waiver of the indemnity provision is also unavailing. TBG would have likely been a party to any subsequent modifications to the

---

[11] *Id.*

[12] *Id.*

agreement, and so it is unclear why TBG believes it required extensive discovery with regard to information that should have been in its possession. The court finds TBG has not shown good cause under Rule 16(b).

Even evaluating TBG's proposed amendment under Rule 15(a)'s requirements, the court finds it should be denied because TBG unduly delayed in seeking to amend. The Tenth Circuit has directed that courts should focus primarily on the reasons for the delay.[13] For example, if the movant was or should have been aware for some time of the facts on which the amendment is based, the court may properly deny leave to amend.[14] Moreover, the longer the delay, the more likely the court will deny the motion to amend.[15] For the same reasons the court finds TBG has not shown good under Rule 16(b)(4), the court also finds TBG has unduly delayed in seeking to amend. TBG has been participating in this suit since September of 2011 and for the first time attempted to amend to assert this claim in June of 2012, only weeks prior to the close of discovery. For these reasons, TBG's motion is denied.

Accordingly,

**IT IS THEREFORE ORDERED** that The Barbour Group's Motion for Leave to Amend its Answer to Assert a Counterclaim Against Plaintiffs, ECF No. 161, is denied.

**IT IS SO ORDERED.**

Dated this 16th day of July, 2012, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[13] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

[14] *See id.*

[15] *Id.* at 1205.