IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ENCON INTERNATIONAL, INC., *et al*, | ) |
| Plaintiffs and Counter-Defendants, | ) |
| v. | ) Case No. 11-2137-KGS |
| LINDA GARRAHAN, *et al*, | ) |
| Defendants, Counter-Claimants and Cross-Claimants, | ) |
| v. | ) |
| THE BARBOUR GROUP, LLC, | ) |
| Defendant and Cross-Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the court upon Defendant The Barbour Group, LLC's Motion for Sanctions Against Defendants Linda Garrahan, 1st Capital Lending Fund, Inc., and Quantum Partners, Inc. (ECF No. 213). Ms. Garrahan, 1st Capital, and Quantum Partners have not responded to this motion, and the time to do so has passed. For the reasons stated below, the court dismisses with prejudice Ms. Garrahan's, 1st Capital Lending Fund's, and Quantum Partners' cross-claims against The Barbour Group (TBG) as a discovery sanction.

**I.    Background**

On July 19, 2012, the court granted in part TBG's motion for sanctions against Ms. Garrahan and her business entities for failing to appear for their properly noticed depositions.[1] Counsel for TBG had traveled to Boca Raton, Florida, where Ms. Garrahan and her business entities are located, but neither she nor her businesses' corporate representatives appeared. TBG

---

[1] Order, ECF No. 188.

incurred thousands of dollars in legal fees and expenses as a result of traveling to the out-of-town depositions. The court found that Ms. Garrahan and her business entities should be required to reimburse TBG and later ordered Ms. Garrahan and her business entities to tender to TBG $5,515.75 for TBG's expenses and attorney fees resulting from the missed depositions.[2] The court further found that because of their failure to appear, Ms. Garrahan and her business entities' corporate representatives should be required to travel to TBG's counsel's office in Kansas City, Missouri for the rescheduled depositions. The court warned Ms. Garrahan and her business entities that failure to appear for their depositions in Kansas City would likely result in the dismissal of the cross-claims they had asserted against TBG.

On July 31, 2012, the court granted in part plaintiffs Encon International, Inc., Alex Woelper, and Shu Fei Woelper's related motion for sanctions against Ms. Garrahan and her business entities.[3] Although plaintiffs had not noticed the depositions, they were prepared to participate by phone, incurred attorney fees as a result of the missed depositions, and stated in a motion that they had planned to question the deponents in an effort to discover relevant information.[4] The court again warned Ms. Garrahan and her business entities that failure to appear at their rescheduled depositions would almost certainly result in the dismissal of the counterclaims they had asserted against the plaintiffs. Subsequently, the court ordered Ms. Garrahan and her business entities to tender to plaintiffs $460 for their reasonable attorney fees incurred as a result of the missed depositions.[5]

---

[2] Order, ECF No. 211.

[3] Order, ECF No. 197.

[4] *See* Pls.' Joinder in Def. The Barbour Group, LLC's Mot. to Compel and for Sanctions Against Defs. Linda Garrahan, 1st Capital Lending Fund, Inc. and Quantum Partners at 1, ECF No. 184.

[5] Order, ECF No. 214.

On August 16, 2012, the court granted in part plaintiffs' motion to compel Ms. Garrahan and her business entities to provide discovery after they had failed to respond to requests for production of documents and requests for admissions.[6] The court deemed admitted the requests for admissions and ordered Ms. Garrahan and her business entities to respond without objection to the requests for production. Ms. Garrahan and her business entities were warned that failure to respond to the discovery requests, failure to comply with court orders, or failure to participate in discovery would all very likely result in the imposition of serious sanctions, including dismissal with prejudice of their affirmative claims for relief.[7]

Ms. Garrahan and her business entities failed to respond to any of these discovery motions. Ms. Garrahan and her business entities' corporate representatives also failed to appear in Kansas City on August 13-14, 2012, for their rescheduled depositions.[8] At no time did they file any motion for a protective order or provide the court with any reason why their depositions should not occur. TBG subsequently filed this motion for sanctions, which seeks dismissal of the cross-claims asserted against it by Ms. Garrahan and her business entities. Again, Ms. Garrahan and her business entities have failed to respond to this motion.

**II.    Discussion**

Fed. R. Civ. P. 37(b)(2) applies to sanctions for failing to comply with court orders. Among other things, the rule provides that, "If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to

---

[6] Order, ECF No. 212.

[7] *Id.* at 3.

[8] Def. The Barbour Group, LLC's Mot. for Sanctions Against Defs. Linda Garrahan, 1st Capital Lending Fund, Inc. and Quantum Partners, Inc. at 4, ECF No. 213.

provide or permit discovery, the court where the action is pending may issue further just orders.[9] They may include . . . dismissing the action or proceeding in whole or in part[.]" The same sanction is available when a party fails to attend its own deposition.[10] Similarly, Fed. R. Civ. P. 41(b) provides for involuntary dismissal of claims when a party fails to comply with the Federal Rules of Civil Procedure or court orders.[11] When evaluating whether to dismiss claims as a sanction, the court considers the following factors:

> (1) the degree of actual prejudice to the [defending party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[12]

By failing to appear for their depositions, Ms. Garrahan and her business entities have prejudiced TBG by depriving TBG of discovery to defend against the affirmative claims asserted against it. Moreover, Ms. Garrahan and her business entities have repeatedly failed to participate in discovery. These failures have significantly delayed proceedings. The court also has expended time and resources ruling on motions addressing the repeated failures, which have resulted in a significant amount of interference with the judicial process.

There is no information before the court suggesting that Ms. Garrahan and her business entities and her business entities are not culpable for their conduct. They have not responded in any way to multiple discovery sanctions motions, including this one. Additionally, attorneys

---

[9] Fed. R. Civ. P. 37(b)(2)(A)(v).

[10] *See* Fed. R. Civ. P. 37(d)(1)(3).

[11] *See also* Fed. R. Civ. P. 41(c) (stating that the provisions of Rule 41 apply to counterclaims, cross-claims, and third-party claims).

[12] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks, ellipsis, and citations omitted).

representing these parties have informed the court of difficulty communicating with their clients. And with regard to their failure to attend their depositions in Florida, one of their attorneys informed the court of the steps she took to make sure her clients were aware of the depositions.[13]

Finally, the court has explicitly warned Ms. Garrahan, 1st Capital Lending Fund, and Quantum Partners that if they again failed to appear for their rescheduled depositions in Kansas City, the court would almost certainly dismiss the cross-claims they have asserted against TBG.[14] The court has also warned these parties that it would dismiss counterclaims or possibly render default judgment against them if they continued to refuse to participate in this case. And on two occasions, the court has imposed monetary sanctions against these parties,[15] which have apparently had no effect because these parties have once again missed their depositions without justification. For these reasons, dismissal of the cross-claims Ms. Garrahan, 1st Capital Lending Fund, and Quantum Partners have asserted against TBG is an appropriate. Given that past significant monetary sanctions have proven ineffective and given that this order imposes significant additional sanctions, the court declines to award TBG attorney fees incurred as a result of the deponents' failure to appear for their rescheduled depositions in Kansas City.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant The Barbour Group, LLC's Motion for Sanctions Against Defendants Linda Garrahan, 1st Capital Lending Fund, Inc., and Quantum Partners, Inc. (ECF No. 213) is granted in part and denied in part.

---

[13] *See* Order at 3, ECF No. 188 ("Ms. Gumz explained that she sent notice to her clients through e-mail and that she had followed up with Ms. Garrahan's son's fiancé. Ms. Gumz said she warned her clients they could be subject to discovery sanctions—including dismissal of their claims—for failing to appear at their depositions.").

[14] *Id.* at 4-5.

[15] *See* Order, ECF No. 211; Order, ECF No. 214.

**IT IS FURTHER ORDERED** that the cross-claims asserted by Linda Garrahan, 1st Capital Lending Fund, Inc., and Quantum Partners, Inc. are dismissed with prejudice.

**IT IS SO ORDERED.**

Dated this 7th day of September, 2012, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge