IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ENCON INTERNATIONAL, INC., *et al*, | ) |
| | ) |
| Plaintiffs and Counter-Defendants, | ) |
| | ) |
| v. | ) Case No. 11-2137-KGS |
| | ) |
| LINDA GARRAHAN, *et al*, | ) |
| | ) |
| Defendants, Counter-Claimants and Cross-Claimants, | ) |
| | ) |
| v. | ) |
| | ) |
| THE BARBOUR GROUP, LLC, | ) |
| | ) |
| Defendant and Cross-Defendant. | ) |

### MEMORANDUM AND ORDER

This matter comes before the court upon Plaintiffs' Motion for Sanctions Against Defendants Linda Garrahan, 1st Capital Lending Fund, Inc. and Quantum Partners, Inc. for Failing to Comply with Court Orders to Appear for Depositions and Motion for Sanctions for Failing to Comply with Court Orders Regarding Written Discovery (ECF No. 218). Ms. Garrahan, 1st Capital, and Quantum Partners have not responded to this motion, and the time to do so has passed. For the reasons stated below, the court dismisses with prejudice Ms. Garrahan's, 1st Capital Lending Fund's, and Quantum Partners' counterclaims against Encon International, Inc, Alex Woelper and Shu Fei Woelper as a discovery sanction. The remainder of plaintiffs' motion is denied.

**I.    Background**

On July 19, 2012, the court granted in part co-defendant The Barbour Group's motion for sanctions against Ms. Garrahan and her business entities for failing to appear for their properly

noticed depositions.[1] Counsel for The Barbour Group (TBG) had traveled to Boca Raton, Florida, near where Ms. Garrahan and her business entities are located, but neither she nor her businesses' corporate representatives appeared. TBG incurred thousands of dollars in legal fees and expenses as a result of traveling to the out-of-town depositions. The court found that Ms. Garrahan and her business entities should be required to reimburse TBG and later ordered Ms. Garrahan and her business entities to tender to TBG $5,515.75 for TBG's expenses and attorney fees resulting from the missed depositions.[2] The court further found that because of their failure to appear, Ms. Garrahan and her business entities' corporate representatives should be required to travel to TBG's counsel's office in Kansas City, Missouri for the rescheduled depositions. The court warned Ms. Garrahan and her business entities that failure to appear for their depositions in Kansas City would likely result in the dismissal of the cross-claims they had asserted against TBG.

On July 31, 2012, the court granted in part plaintiffs' related motion for sanctions against Ms. Garrahan and her business entities.[3] Although plaintiffs had not noticed the depositions, they were prepared to participate by phone, incurred attorney fees as a result of the missed depositions, and stated in a motion that they had planned to question the deponents in an effort to discover relevant information.[4] The court again warned Ms. Garrahan and her business entities that failure to appear at their rescheduled depositions would almost certainly result in the dismissal of the counterclaims they had asserted against the plaintiffs. Subsequently, the court

---

[1] Order, ECF No. 188.

[2] Order, ECF No. 211.

[3] Order, ECF No. 197.

[4] *See* Pls.' Joinder in Def. The Barbour Group, LLC's Mot. to Compel and for Sanctions Against Defs. Linda Garrahan, 1st Capital Lending Fund, Inc. and Quantum Partners at 1, ECF No. 184.

ordered Ms. Garrahan and her business entities to tender to plaintiffs $460 for their reasonable attorney fees incurred as a result of the missed depositions.[5]

On August 16, 2012, the court granted in part plaintiffs' motion to compel Ms. Garrahan and her business entities to provide discovery after they had failed to respond to requests for production of documents and requests for admissions.[6] The court deemed admitted the requests for admissions and ordered Ms. Garrahan and her business entities to respond without objection to the requests for production. Ms. Garrahan and her business entities were warned that failure to respond to the discovery requests, failure to comply with court orders, or failure to participate in discovery would all very likely result in the imposition of serious sanctions, including dismissal with prejudice of their affirmative claims for relief.[7] According to the present motion, Ms. Garrahan and her business entities still have not responded to the discovery requests.

Ms. Garrahan and her business entities failed to respond to any of these discovery motions. Ms. Garrahan and her business entities' corporate representatives also failed to appear in Kansas City on August 13-14, 2012, for their rescheduled depositions.[8] At no time did they file any motion for a protective order or provide the court with any reason why their depositions should not occur. TBG subsequently filed a motion seeking dismissal of the cross-claims asserted against it by Ms. Garrahan and her business entities. Again, with no response from Ms. Garrahan and her business entities, the court granted in part that motion and dismissed Ms. Garrahan's and her business entities' cross-claims with prejudice.

---

[5] Order, ECF No. 214.

[6] Order, ECF No. 212.

[7] *Id.* at 3.

[8] Def. The Barbour Group, LLC's Mot. for Sanctions Against Defs. Linda Garrahan, 1st Capital Lending Fund, Inc. and Quantum Partners, Inc. at 4, ECF No. 213.

**II.     Discussion**

Because Ms. Garrahan and her business entities failed to appear for their depositions and failed to comply with this court's previous order that they respond to plaintiffs' requests for production, plaintiffs urge the court to impose discovery sanctions. Plaintiffs ask the court to dismiss the counterclaims asserted by Ms. Garrahan and her business entities; prohibit these defendants from presenting any evidence at trial or making any arguments to support their defenses or to oppose plaintiffs' claims asserted in this action; strike the answers and counterclaims filed by these parties; and hold them in contempt of court. Plaintiffs also request various attorney fees incurred as a result of filing these discovery motions.

Fed. R. Civ. P. 37(b)(2) applies to sanctions for failing to comply with court orders. Among other things, the rule provides that, "If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, the court where the action is pending may issue further just orders.[9] They may include . . . dismissing the action or proceeding in whole or in part[.]" The same sanction is available when a party fails to attend its own deposition.[10] Similarly, Fed. R. Civ. P. 41(b) provides for involuntary dismissal of claims when a party fails to comply with the Federal Rules of Civil Procedure or court orders.[11] When evaluating whether to dismiss claims as a sanction, the court considers the following factors:

> (1) the degree of actual prejudice to the [defending party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance

---

[9] Fed. R. Civ. P. 37(b)(2)(A)(v).

[10] *See* Fed. R. Civ. P. 37(d)(1)(3).

[11] *See also* Fed. R. Civ. P. 41(c) (stating that the provisions of Rule 41 apply to counterclaims, cross-claims, and third-party claims).

>   that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[12]

By failing to appear for their depositions or respond to discovery requests, Ms. Garrahan and her business entities have prejudiced plaintiffs by depriving them of information to prosecute their claims and to defend against the counterclaims. Moreover, Ms. Garrahan and her business entities have repeatedly failed to participate in discovery. These failures have significantly delayed proceedings. The court also has expended time and resources ruling on motions addressing these repeated failures, which have resulted in a significant amount of interference with the judicial process.

There is no information before the court suggesting that Ms. Garrahan and her business entities are not culpable for their conduct. They have not responded in any way to multiple discovery sanctions motions, including this one. Additionally, attorneys who—until recently—represented these parties have informed the court of difficulty communicating with their clients. And with regard to their failure to attend their depositions in Florida, one of their attorneys informed the court of the steps she took to make sure her clients were aware of the depositions.[13]

Finally, the court has explicitly warned Ms. Garrahan, 1st Capital Lending Fund, and Quantum Partners that if they again failed to appear for their rescheduled depositions in Kansas City, or if they failed to respond to plaintiffs' discovery requests, the court would likely dismiss the counterclaims they asserted against plaintiffs.[14] After other warnings, the court did in fact

---

[12] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks, ellipsis, and citations omitted).

[13] *See* Order at 3, ECF No. 188 ("Ms. Gumz explained that she sent notice to her clients through e-mail and that she had followed up with Ms. Garrahan's son's fiancé. Ms. Gumz said she warned her clients they could be subject to discovery sanctions—including dismissal of their claims—for failing to appear at their depositions.").

[14] *See* Order, ECF No. 197; Order, ECF No. 212.

dismiss the cross-claims these defendants asserted against TBG.[15] And on two occasions, the court has imposed monetary sanctions against these parties,[16] which have apparently had no effect because these parties have again failed to comply with court orders and the Federal Rules of Civil Procedure. For these reasons, dismissal of the counterclaims Ms. Garrahan, 1st Capital Lending Fund, and Quantum Partners have asserted against plaintiffs is appropriate.

The court declines to impose the other sanctions and attorney fees plaintiffs request. Although the district court has broad discretion to select the appropriate sanction, that discretion "is limited in that the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery."[17] When considering whether to impose sanctions against a party, or to what extent that party should be sanctioned, the court considers, "the purposes that imposing sanctions will serve, including '(1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management.'"[18]

Dismissal of Ms. Garrahan's and her business entities' counterclaims serves the above purposes without being overly punitive or overly compensating plaintiffs for these defendants' failures. Moreover, past significant monetary sanctions have proven ineffective and given that this order imposes significant additional sanctions, the court declines to impose the additional attorney fees requested by the plaintiffs. Plaintiffs' motion fails to make an argument why these

---

[15] *See* Mem. and Order, ECF No. 223.

[16] *See* Order, ECF No. 211; Order, ECF No. 214.

[17] *Ehrenhaus*, 965 F.2d at 920 (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)).

[18] *Hopson v. Deffenbaugh Disposal Serv., Inc.*, No. 07-2232-CM, 2008 WL 4642274, at *2 (D. Kan. Oct. 17, 2008) (quoting *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990)).

additional severe sanctions are appropriate. For all of these reasons, plaintiffs' motion is granted in part and denied in part.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Sanctions Against Defendants Linda Garrahan, 1st Capital Lending Fund, Inc. and Quantum Partners, Inc. for Failing to Comply with Court Orders to Appear for Depositions and Motion for Sanctions for Failing to Comply with Court Orders Regarding Written Discovery (ECF No. 218) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that the counterclaims asserted by Linda Garrahan, 1st Capital Lending Fund, Inc., and Quantum Partners, Inc. against plaintiffs are dismissed with prejudice.

**IT IS SO ORDERED.**

Dated this 19th day of September, 2012, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
